STANDARD PLUNGER ELEVATOR CO. v. STOKES et al.

(Circuit Court of Appeals, Second Circuit. February 10, 1914.)

No. 126.

1. PATENTS (§ 163*)—INFRINGEMENT—DEFENSES—LACK OF INVENTION—ESTOPPEL.

Where complainant obtained its patent sued on from defendants, the fact that defendants were estopped to claim that the patent was void for lack of invention did not preclude them from contending for as narrow a construction of the language as the claims would warrant and the conditions of the prior art might require.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 238; Dec. Dig. § 163.*]

2. PATENTS (§ 328*)—INFRINGEMENT—PLUNGER ELEVATORS—CONSTRUCTION.

The Larson patent, No. 963,905, for a plunger hydraulic elevator, claim 2, calls for the combination, with a cylinder, plunger, and stuffing box of a hydraulic elevator, of a guiding means for the lower end of the plunger, and a "reduced" connection between the guiding means and the end of the plunger, whereby water is allowed to escape through the stuffing box. Claim 3 is for the combination, with a cylinder, plunger, and

stuffing box of a hydraulic elevator, of a guiding means for the lower end of the plunger; the same having a reduced connection to the guiding means. *Held* that, in view of the state of the art, the "reduced" connection in such claims must be confined to that shown by the patent, to wit, one which no longer fills the area of the aperture through the stuffing box, as the plunger proper does, and, as so construed, the patent was not infringed by a device permitting the water to escape through the stuffing box, because the connection of the plunger's cylinder itself passed through the box, and the water in the plunger extension passed from a plane below the box to a plane above it, which method was old in the art.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing the bill in a suit for infringement of patent. The patent is No. 963,905, granted July 12, 1910, to Thure Larson, assignor to himself, Jones, and Stokes, for a plunger hydraulic elevator. Complainant sues as the owner of the entire right, title, and interest under certain agreements of September, 1902, which are discussed and disposed of in a decision in another suit between the same parties, handed down at the same time as this. 212 Fed. 893,129 C. C. A. 413.

The specifications state that:

"The mechanism of the patent consists in providing a guiding mechanism which cannot escape through the stuffing box and in so arranging the parts that when the plunger exceeds its normal upward travel the working part of the plunger will move out of the stuffing box and allow the water to escape to stop the upward movement of the plunger, whereby a relief is obtained without allowing the plunger to escape from the control of its guiding mechanism or to jump laterally off of the stuffing box."

The claims in controversy are:

"1. The combination with a cylinder, plunger and stuffing box of a hydraulic elevator, of a guiding means connected to the lower end of the plunger and arranged to engage the stuffing box, the connection between the guiding means and end of the plunger being constructed to allow the water to escape through the stuffing box when the plunger exceeds its normal upward travel.

"2. The combination with a cylinder, plunger and stuffing box of a hydraulic elevator, of a guiding means for the lower end of the plunger, and a reduced connection between said guiding means and the end of the plunger, whereby water is allowed to escape through the stuffing box.

"3. The combination with a cylinder, plunger and stuffing box of a hydraulic elevator, of a guiding means for the lower end of the plunger, the lower end of the plunger having a reduced connection to the guiding means."

The complainant's title to the patent having come from defendants, the latter do not dispute the validity of the patent. The device of the patent is quite fully described in an opinion of Judge Mayer denying application for preliminary injunction. 196 Fed. 47. Judge Holt reached the same conclusion as Judge Mayer on the question of infringement, holding that defendant's device was not within the claims.
See, also, 200 Fed. 770, 119 C. C. A. 292.

C. V. Edwards, of New York City, for appellant.
L. W. Southgate, of New York City, for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). [1] Although these defendants may not be heard to contend that the patent is void for lack of invention, they are entitled, as any one else would be, to whatever narrow construction the language of the claims may warrant and the condition of the prior art may require. The elements are functionally old, the art was a crowded one, and patentee's contribution was no broad advance.

[2] The plungers of elevators of this type are hollow cylinders themselves, moving up and down in other cylinders. They are therefore closed at the bottom, so that there will be something against which the water can exercise its lifting force, and which will expel the water below it when valves are reversed. Sometimes this closure was not at the very bottom of the plunging cylinder, but inside of it and some distance above the bottom, the water being freely admitted into the space between the bottom and the closure. When thus closed, the plunger proper, the plunger which rose and fell because its base rested on the surface of water, extended from the car down to the closure. All below was an addition to the operative plunger; it would be fairly described as a connection between the open bottom where the water could flow in and out of the plunger and the bottom surface (the closure) of the operative plunger. In the prior art there were such plungers, with the closure some distance above the bottom. The cylinder of metal which (with the bottom closure) constituted the plunger was extended beyond the closure to the open bottom, remaining, however, of the same diameter and contacting with the stuffing box just as the rest of the plunger did. In such a structure, so long as any part of the plunger proper or of its connection between the operative bottom and the open bottom remained within the stuffing box, it was impossible for any of the water operating below the closed bottom to escape through the stuffing box. The patent shows a plunger with closed bottom; below this operative bottom there is an extension of the plunger, not by continuing its walls downward, but by one or more rods which connect it with the guiding devices at the bottom of the entire structure. This is properly called in the 2 and 3 claims a "reduced connection"; it is so reduced in size that, when the plunger proper rises above the stuffing box the connection does not (as in a prior device of Wetherill) fill the stuffing box as the plunger did. In consequence the operating water in the cylinder can pass freely between the connection and the walls of the stuffing box. In view of the state of the art we are of the opinion that the "reduced" connection of these two claims must be confined to the reduced connection which the patent shows; a connection which no longer fills the area of the aperture through the stuffing box as the plunger proper does.

In a device of the prior art, where the bottom closure of the plunger was located some distance above the bottom of the whole moving structure, holes were bored in the cylindrical extension just below the operating bottom. In consequence, when the holes rose above the stuffing box the water flowed out. Defendants have the same arrangement; their "connection" between the operating bottom and

the bottom of the whole moving structure, where guides against vibration have long been placed, is not a "reduced" one; it fills the cross-area of the stuffing box aperture as the plunger proper does, and water is discharged through holes just below the plunger closure, as it was in the Wetherill device.

The first claim of the patent is for a device so "constructed (as) to allow the water to escape through the stuffing box"—as the water undoubtedly does in the device shown in the patent, flowing between the walls of the box and the "reduced" connection which no longer fills the aperture as the plunger did. In one sense—speaking broadly —it may be said that in defendants' structure the water escapes "through the stuffing box," because the connection of the plunger cylinder itself passes through the stuffing box, and the water in this cylindrical plunger extension passes from a plane below the stuffing box to a plane above it. But just such a method of arranging the by-pass was old in the art and we are of the opinion that the claim must be confined to the method of passing through the stuffing box which the patent discloses.

Decree affirmed, with costs of appeal.